UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X  For Online Publication Only

RICHARD G. ZAPPA, JR.,

          Plaintiff,

   -against-  **ORDER**
                                                  17-cv-39 (JMA) (ARL)

TOWN OF HEMPSTEAD SANITARY DISTRICT
NO. 7, *et al.*,

          Defendants.
----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

     Before the Court are objections submitted by defendants to Magistrate Judge Lindsay's January 16, 2018 Report and Recommendation ("R&R"). The R&R recommended that the Court deny in part and grant in part defendants' motion to dismiss, (ECF No. 31). Having conducted a review of the full record and the applicable law, for the following reasons, the Court adopts the R&R in its entirety.

     In reviewing a magistrate judge's report and recommendation, the court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of the Report to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

     After considering all of defendants' objections de novo, the Court adopts the R&R in its

1

entirety as the opinion of the Court, and, accordingly, grants in part and denies in part defendants' motion to dismiss the complaint.[1]  Plaintiff is granted leave to file an amended complaint by April 30, 2018.

**SO ORDERED.**

Dated: March 31, 2018
Central Islip, New York

                                                      /s/  (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE

---

[1] One objection raised by defendants is that, with respect to the March 2015 meeting, plaintiff "does not allege when in March he engaged in that protected activity and when in March his shift was changed." (Defs.' Obj. at 7.) However, as plaintiff points out in his opposition, the notice of claim attached to his complaint specifies that he was assigned to a less desirable route two weeks after the meeting.